TERRITORY *v.* T. SHINDO.

No. 2033.

Submitted September 10, 1931.        Decided September 21, 1931.

Perry, C. J., Banks and Parsons, JJ.

OPINION OF THE COURT BY PERRY, C. J.

The charge entered against the defendant in the district court was that at a time and place named he did "needlessly mutilate and kill a young bird dog, the property of" another "by negligently and heedlessly driving an automobile upon and over said animal's body, thereby inflicting great bodily injury and mutilation to said animal, causing its death, contrary to the provisions of section 710, Revised Laws of Hawaii, 1925." The defendant demurred to the charge on the ground, first, that it "does not state any allegations which would constitute a violation of section 710 of the Revised Laws of Hawaii, 1925," and, second, that "it affirmatively appears from the allegations in said complaint that no violation of section 710 of the Revised Laws of Hawaii, 1925, has been committed." The demurrer was overruled, trial was had and the defendant was by the magistrate found guilty as charged and sentenced to pay a fine. Defendant appealed from the conviction and judgment to this court on the points of law that the court erred in overruling the demurrer and that the court erred in finding the

defendant guilty in that (a) "the evidence adduced does not support or warrant a conviction under section 710 of the Revised Laws of Hawaii, 1925," and (b) "that the evidence so adduced affirmatively shows that the defendant is not guilty of a violation of said section."

Section 710, R. L. 1925, reads as follows: "If any person shall overdrive, overload, torture, torment, deprive of necessary sustenance, or cruelly beat or needlessly mutilate or kill * * * any living creature, he shall be guilty of a misdemeanor." The essence of the charge entered against the defendant was that he did "needlessly mutilate and kill" a dog "by negligently and heedlessly driving an automobile" over it. This section is a part of chapter 53 of the Revised Laws, which is entitled "Cruelty to Animals," and was intended by the legislature to restrain and punish cruelty to living creatures. It was not intended by the legislature to punish thereunder unintentional acts resulting from mere negligence or inattention. All that is charged against the defendant is that he was guilty of negligence and inattention in driving his automobile and that by reason of that negligence and inattention the dog was mutilated and killed. It is not charged either that the act was done wilfully or that it was done wantonly or with utter and reckless disregard of the consequences to the dog. It may be that an actual intent to mutilate or to kill is not indispensable and that, as held by some courts, the offense is established if the act was done with a "reckless disregard of the consequences" (3 C. J. 68, 69) or "a spirit of wickedness or cruel wantonness or a reckless disregard of the rights and feelings of the brute creation" (*Hunt* v. *State*, 29 N. E., Ind., 933, 934). But neither from the mere use of the word "negligently" nor from the mere use of the word "heedlessly" can it be held that it was charged that what the defendant did was done with a

malevolent purpose or with a reckless disregard of the consequences to the dog or with a spirit of wickedness or with cruel wantonness. A charge in a criminal case must be clear, definite and certain. The use therein of ambiguous or doubtful language is not sufficient. The demurrer should have been sustained.

It is unnecessary to say whether upon the evidence adduced a conviction, under a charge sufficiently setting forth the elements of one of the offenses described in section 710, could have been upheld.

The appeal is sustained and the cause is remanded to the district magistrate for further proceedings not inconsistent with this opinion.

*A. G. Correa,* Deputy County Attorney, and *W. H. Smith,* Assistant Deputy County Attorney, for the Territory.

*T. E. M. Osorio* for defendant.